**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MARK DAVIS, | ) Case No. CV 17-2285-SJO(AJW) |
| Petitioner, | ) MEMORANDUM AND ORDER |
| v. | ) DISMISSING PETITION |
| SANDRA PENNYWELL, | ) |
| Respondent. | ) |

In 2010, petitioner was convicted of two counts of first degree murder and two counts of assault with a firearm. He was sentenced to state prison for a term of life without the possibility of parole plus 50 years. [Petition at 2].

On March 19, 2013, petitioner filed a petition for a writ of habeas corpus in this Court challenging his 2010 conviction. Case No. CV 13-1971-SJO(AJW). On February 4, 2014, judgment was entered denying the petition on the merits.

Petitioner filed the current petition for a writ of habeas corpus on March 23, 2016. The petition again challenges petitioner's 2010 conviction.

1     "Before a second or successive application permitted by this
2 section is filed in the district court, the applicant shall move in the
3 appropriate court of appeals for an order authorizing the district
4 court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent
5 authorization from the Court of Appeals, this Court lacks jurisdiction
6 over a successive petition. See Magwood v. Patterson, 561 U.S. 320,
7 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.
8 2001), cert. denied, 538 U.S. 984 (2003).

9     To the extent that petitioner might contend that his petition
10 meets an exception to the bar on successive petitions, he must present
11 any such argument first to the Ninth Circuit Court of Appeals. Because
12 petitioner has not obtained leave from the Court of Appeals, this
13 successive petition is dismissed for lack of jurisdiction.[1]

14     **It is so ordered.**

15 Dated: March 29, 2017         *S. James Otero*
16
17                               S. James Otero
                                United States District Judge

---

[1] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

2